NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10194 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00131-DKW-1 |
| v. | |
| JEFFERY ROWELL, AKA Jeffrey D. Rowell, AKA Darnell Stinnette, AKA Jeffery D. Stinnette, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 10, 2020**
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Jeffery Rowell appeals from the sentence imposed by the district court

following his jury conviction for distributing cocaine within 1,000 feet of a

playground, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 860. As the parties

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

are familiar with the facts, we do not recount them here. We affirm.

1. At sentencing, the district court found by clear and convincing evidence that Rowell possessed a wristlet bag containing methamphetamine at the time of his arrest, and the court used it as relevant conduct which significantly increased Rowell's base offense level for calculating his Sentencing Guidelines range. We review for clear error a district court's factual findings about relevant conduct. *United States v. Daychild*, 357 F.3d 1082, 1103 (9th Cir. 2004).

The district court's finding that there was clear and convincing evidence that Rowell possessed the wristlet bag containing methamphetamine at the time of his arrest is not "illogical, implausible, or without support in the record." *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011) (citation omitted) (setting forth clear error standard of review). The record indicates that the task force officer who processed Rowell after his arrest remembered that Rowell's property included the wristlet bag, and that Rowell declined consenting for the officer to search the wristlet bag.

2. Rowell argues for the first time on appeal that, even if he possessed the wristlet bag containing methamphetamine, the district court should not have considered it relevant conduct under United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.3. Because Rowell did not raise this issue in the district court,

we review for plain error. *See United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017).

For the instant case, section 1B1.3(a)(2) provides that the base offense level is determined by "relevant conduct" which includes all acts and omissions committed by the defendant "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see also id.* cmt. n.5(B)(i)-(ii) (discussing "common scheme or plan" and "same course of conduct").

Rowell failed to show that the district court committed a "clear or obvious" error by considering his possession of methamphetamine as relevant conduct under section 1B1.3(a)(2). *Liew*, 856 F.3d at 596 (setting forth plain error standard of review). Rowell's possession of methamphetamine had a similar modus operandi as his underlying cocaine offense because both drugs were packaged in Ziploc bags, and the packaging indicated Rowell's intent to distribute the methamphetamine. *See* U.S.S.G. § 1B1.3 cmt. n.5(B)(i)-(ii). In addition, Rowell possessed the methamphetamine only a few months after his underlying offense involving distributing cocaine. *See id.* § 1B1.3 cmt. n.5(B)(ii).

3. Finally, Rowell argues that the district court erred by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The parties agree that we review for clear error. *See Daychild*, 357 F.3d at 1100 n.27.

Section 3E1.1 allows for a two-level downward adjustment to a defendant's base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). This adjustment is generally "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* § 3E1.1 cmt. n.2. However, "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction" and "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." *Id.*

Here, the district court denied Rowell a downward adjustment for acceptance of responsibility because Rowell went to trial where defense counsel argued that Rowell was not the person who sold cocaine to an undercover officer, and Rowell did not accept responsibility until after his conviction in a presentence interview. This decision was not clear error. *See id.* § 3E1.1 cmt. n.5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").

**AFFIRMED**.